UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RACHEL C. WILLIAMS, *on behalf of herself and others similarly situated,* | ) ) ) ) | Case No. |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| AMERICAN HONDA FINANCE CORP., | ) ) ) |  |
| Defendant. | ) ) |  |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and Local Rule 81.1, Defendant American Honda Finance Corp. ("Honda") removes to this Court the above-styled action, pending as Civil Action Number CV2014-00501, in the Norfolk Superior Court of the Commonwealth of Massachusetts. As grounds for removal, Honda states as follows:

### BACKGROUND

1. This is a putative class action alleging violations of the Uniform Commercial Code (§§ 9-614 and 9-616), the Motor Vehicle Retail Installment Sales Act, M.G.L. c. 255B § 20B, and M.G.L. c. 93A. Plaintiff alleges that Honda violates those laws when it repossesses cars and calculates the amount the borrower still owes – the "deficiency balance" – by deducting from the outstanding balance "the sale price rather than the fair market value" of the car.

2. This Notice of Removal is timely because Honda filed it within thirty days after June 10, 2014, the date Honda received Plaintiff's demand letter pursuant to M.G.L. c. 93A. A copy of the June 10, 2014 demand letter is attached as Exhibit A. This was the first time Honda

was able to ascertain that this matter involves more than $5 million in controversy. *See* 28 U.S.C. § 1446(b)(3).

3. Prior to the receipt of the demand letter, the treble damages provision of M.G.L. c. 93A had not been genuinely in controversy because Plaintiff had not complied with M.G.L. c. 93A § 9(3), which requires the service of such a demand letter. *See*, *e.g.*, *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 217-18 (1st Cir. 2012) ("The demand letter requirement is not merely a procedural nicety, but, rather, a prerequisite to suit") (quotation marks and citation omitted). An earlier demand letter, dated January 6, 2014 (attached as Exhibit B), sought relief only on behalf of Plaintiff, not other members of any putative class. Plaintiff tacitly acknowledged the insufficiency of that earlier demand letter by serving a second one.

4. Thus, although the Complaint was filed on April 7, 2014, and served on Honda on May 13, 2014, the 30-day time for removal did not start to run until June 10, 2014, when Plaintiff placed into controversy the treble damages provision of M.G.L. c. 93A. *See* 28 U.S.C. § 1446(b)(3).

5. Venue is proper in this Court because the Norfolk Superior Court, where this case was originally filed, is located within this District. *See* 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446(d), Honda is concurrently serving a copy of this Notice of Removal on all counsel of record, and written notice of the filing of this Notice of Removal will be filed with the Clerk of the Norfolk County Superior Court of the Commonwealth of Massachusetts, in accordance of with the provisions of 28 U.S.C. § 1446(d).

7. Pursuant to 28 U.S.C. § 1446(d), Honda will file a copy of this Notice of Removal with the Clerk of the Norfolk County Superior Court and serve a copy on all counsel of record.

## CAFA JURISDICTION

8. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, a class action may be removed to federal court if: (i) there is minimal diversity of citizenship; (ii) there are at least 100 members in the putative class; and (iii) the amount in controversy exceeds $5 million. *Id.* This action satisfies each requirement.

*Class Action*

9. This is a "class action" within the meaning of CAFA because it was brought under a "State statute or similar rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* Ex. C, Class Action Compl. ¶¶ 40-51.

*Minimal Diversity of Citizenship*

10. The diversity of citizenship requirement under CAFA is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Plaintiff, a citizen of Massachusetts, purports to bring a class action on behalf of a defined group of Massachusetts residents. Ex. C, Class Action Compl., ¶ 44.

13. Honda is a corporation organized under the laws of California and has its principal place of business in California.

14.     Diversity exists under § 1332(d)(2)(A) because at least one member of the putative nationwide class is a citizen of a state different than California.

*Size of Putative Class*

15.     Plaintiff purports to represent a class consisting of "all Massachusetts residents who, since April 4, 2010," were customers of Honda and met certain other specified criteria. Ex. C, Class Action Compl. ¶ 44. She alleges that "the prospective class numbers in the thousands." *Id.* ¶ 46. Honda's records show that approximately 1,400 people arguably meet the criteria described for membership in the putative class. Ex. D, Decl. of Tom Toups ¶ 2. Thus, there are at least 100 class members.

*Amount in Controversy*

16.     Removal is appropriate under CAFA if the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). For CAFA purposes, the amount in controversy is determined by aggregating the claims of individual class members. *Id.* § 1332(d)(6).

17.     The class size appears to be approximately 1,400. *See* Ex. D, Toups Decl. ¶ 2.

18.     The per-vehicle difference between the sale price Honda obtained for repossessed cars and the price Plaintiff apparently claims should have been used (the "retail value") is at least $1,500. Ex. D, Toups Decl., ¶ 3. Multiplied by 1,400, this equates to $2.1 million. Plaintiff's threat to seek trebling of damages may be considered for purposes of the amount in controversy, *see*, *e.g.*, *Provanzano v. Parker*, 796 F. Supp. 2d 247, 252 (D. Mass. 2011), and the trebled amount here is $6.3 million. And because Plaintiff is also seeking attorneys' fees, it is reasonable to add $500,000 to that sum, for a total amount in controversy of $6.8 million.

19. In compliance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Honda prior to the filing of this Notice of Removal are attached as Exhibits C and E.

## CONCLUSION

WHEREFORE, Defendant American Honda Finance Corp. requests that this Notice of Removal be accepted as sufficient, that the Complaint be removed from state court to this Court, that this Court enter whatever orders needed to bring before it copies of all records in the state court action, and proceed with this action as if it had originally been commenced in this Court.

Respectfully submitted,
Defendant American Honda Finance Corp.,
By Its Attorneys,

*/s/ Tracy M. Waugh*
Tracy M. Waugh, BBO#561762
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110

Dated: July 3, 2014      (617) 422-5300

## **CERTIFICATE OF SERVICE**

I, Tracy M. Waugh, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants of the case as identified on the NEF on July 3, 2014.

I hereby further certify that on July 3, 2014, I caused copies of the foregoing Notice of Removal and accompanying exhibits to be served on the following counsel via electronic mail:

>John Roddy
>Elizabeth Ryan
>Bailey & Glasser LLP
>125 Summer Street, Suite 1030
>Boston, MA 02110
>
>Steven R. Striffler
>Law Office of Steven R. Striffler
>21 McGrath Highway, Suite 301
>Quincy, MA 02169.

>*/s/ Tracy M. Waugh*
>Tracy M. Waugh