

**BAILEY GLASSER LLP**

125 Summer Street
Suite 1030
Boston, MA 02110
Tel: 617.439.6730
Fax: 617.951.3954

John Roddy
jroddy@baileyglasser.com

June 10, 2014

*By Certified Mail 9414 7102 0088 3238 2929 77*
*Return Receipt Requested*

Tracy M. Waugh, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110

      Re:    *Demand for Relief Pursuant to Mass. Gen. Laws, c. 93A §9*
             *Williams v. American Honda Finance Corp.*, Norfolk Superior Court Civil
             Action No. 2014-00501

Dear Ms. Waugh:

      I am writing to you in your capacity as counsel for American Honda Finance Corp. in the above captioned action. Please consider this a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, made on behalf of our client, Rachel Williams, to American Honda Finance Corp. ("Honda"). Ms. Williams makes this demand on behalf of herself and a class of persons similarly situated. Ms. Williams and the class she seeks to represent have suffered damages caused by Honda's unfair and deceptive auto repossession and deficiency collection practices, which violate the Motor Vehicle Retail Installment Sales Act, c. 255B, §§ 20A, 20B ("RISA"), the Uniform Commercial Code, c. 106 §§ 9-610 to 9-625 ("UCC"), M.G.L. c. 93 § 49, the Attorney General's debt collection regulations, 940 CMR 7:00, c. 93A, and other applicable laws. The following summary describes these violations of law and provides Honda with an opportunity to settle this matter on a class-wide basis.

**Facts**

      On August 29, 2007, Ms. Williams entered into a motor vehicle retail installment sale contract ("RISC") for the purchase of a 2007 Honda Accord for $38,259, financing $26,407 of this amount. The RISC provides that it will be governed by the laws of the Commonwealth of Massachusetts. The RISC states that "[i]f Seller repossesses the Vehicle, Seller can, ... sell it and apply the money received to what Buyer owes. Proceeds of sale ... will be applied to the unpaid sums owing under this Contract." *Id.*, at p. 2. The RISC further states that "Buyer will be liable for any deficiency incurred"

Honda
June 10, 2014
Page 2 of 5

and "Seller has the right to a deficiency judgment ... in accordance with applicable law." Id.

On or about September 20, 2011, Honda caused Ms. Williams's automobile to be repossessed. On September 21, 2011, Honda sent Ms. Williams a notice (the "Post-Repossession Notice") advising her of the repossession and of its intent to dispose of the vehicle. This notice describes Ms. Williams's liability for a deficiency as the difference between the sale price, after paying Honda's costs, and the outstanding balance on the contract: "The money received from the sale (after paying our costs) will reduce the amount you owe. If the auction proceeds are less than what you owe, you will still owe us the difference." The notice does not mention the vehicle's fair market value.

Honda subsequently sold the vehicle for $8,900, and so informed Ms. Williams by sending her a notice (the "Deficiency Demand Notice") dated November 1, 2011, advising her of the sale and of her ostensible obligation to pay a deficiency balance alleged to be $4,713.32. Honda calculated the alleged deficiency balance by subtracting the amount realized from the sale of the repossessed vehicle from the full amount owing under the contract, plus expenses. Honda is reporting this alleged deficiency on Ms. Williams's credit report as a valid debt in the amount of $13,479. According to the Kelley Blue Book, a periodically published trade publication containing estimates of the retail value of motor vehicles, and which is generally recognized in the motor vehicle sales business, in October 2011 the fair market value of Ms. Williams's vehicle was approximately $15,450, an amount $6,550 more than the sale price obtained by Honda.

On January 6, 2014, Ms. Williams sent a demand for relief pursuant to c. 93A to Honda. Honda responded on January 31, 2014, refusing to offer any relief. Ms. Williams has ascertained that Honda's form notices and repossession practices affect hundreds, if not thousands of Massachusetts consumers, and so makes this further demand for relief under c. 93A on her own behalf and on behalf of all those Massachusetts consumers similarly situated.

**Applicable Law**

Provisions of the Motor Vehicle Retail Installment Sales Act, M.G.L. c. 255B, §§ 20A, 20B ("RISA") and Uniform Commercial Code, c. 106, §§ 9-610 to 9-625 ("UCC") form a complementary scheme governing the repossession and subsequent sale of consumers' motor vehicles. Generally, the UCC repossession provisions govern, unless displaced by the more protective provisions of RISA. c. 255B, § 20A. Thus, RISA

Honda
June 10, 2014
Page 3 of 5

complements and enhances the UCC provisions applicable to consumers. *Id.* The provisions of RISA cannot be waived. M.G.L. c. 255B , § 23.

After repossession, both RISA and the UCC require creditors to send consumers a repossession notice that includes critical information about the borrower's rights, including a description of the potential liability for a deficiency. M.G.L. c. 255B, §§ 20A, 20B(d); c. 106, § 9-614. Under the UCC, borrowers are generally liable for a deficiency after repossession calculated by deducting the difference between the proceeds of the repossession sale and the amount owing on the loan.

But RISA limits the deficiency a creditor can seek in two material ways. RISA expressly modifies the UCC deficiency calculation, requiring the creditor to deduct the *fair market value* of the vehicle, rather than the sale price, from the loan balance when calculating a deficiency. c. 255B § 20B(e)(1). And if the consumer owes $2,000 or less at the time of default, *no* deficiency may be collected. *Id.*

### Violations of Law

Honda committed multiple violations of law in repossessing Ms. Williams's automobile and the automobiles of other similarly situated individuals. In particular, Honda violated the Uniform Commercial Code, the Motor Vehicle Retail Installment Sales Act and G.L. c. 93A. Honda's violations of the UCC include, without limitation, the use of form post-repossession and deficiency demand notices which misstate important consumer rights protected by the Uniform Commercial Code and RISA, including:

> that its post-repossession notice describes Ms. Williams's liability for a deficiency as the difference between the sale price, after paying Honda's costs, and the outstanding balance on the contract: "The money received from the sale (after paying our costs) will reduce the amount you owe. If the *auction proceeds are less than what you owe*, you will still owe us the difference": and

> similarly, its Deficiency Demand calculated the alleged deficiency balance owed as the difference between the amount realized upon sale of the repossessed vehicle and the full amount owing under the contract.

> The deficiency liability should have been described in the post-repossession notice, and applied in the deficiency demand in conformance with RISA's fair market value deficiency limiter: the difference between the amount realized

Honda
June 10, 2014
Page 4 of 5

upon sale of the repossessed vehicle and its fair market value, as required by c. 255B, § 20B(e)(1).

In addition to its defective notices, Honda's repossession practices and calculations of alleged deficiencies violate RISA and the UCC as well.

Honda has violated M.G.L. c. 93A § 2 with respect to Ms. Williams and each class member by engaging in collection practices that were unfair, deceptive, and/or unconscionable. The violations Honda has engaged in include, without limitation:

- Collecting a debt in an unfair, deceptive or unreasonable manner in violation of M.G.L. c. 93 § 49;

- Making a knowingly false or misleading representation as to the character, extent and/or amount of the debt, or as to its status in a legal proceeding, in violation of 940 CMR 7.07(2);

- Breaching its duty of good faith in violation of M.G.L. c. 106 § 1-202; and

- Failing to provide consumers with the rights and disclosures mandated by RISA and the UCC.

**Demand for Relief**

By the actions described above, Honda has violated M.G.L. c. 93A and other consumer protection laws. As a result of Honda's actions, Ms. Williams and class members have suffered damages, including without limitation, statutory damages. Accordingly, on behalf of Ms. Williams and class members, I hereby demand that Honda:

a. pay statutory damages pursuant to G.L. c. 93A, §9 and UCC §§ 9-625(c)(2) and (e)(5);

b. recalculate all deficiency payments collected in excess of statutory limits, using the fair market value of the vehicle at the time of sale instead of the amount realized from the sale, and notify all persons from whom excessive deficiency balances were collected of the overcharge; and

c. correct the applicable notices and deficiency calculation procedures to ensure compliance with the law.

Honda
June 10, 2014
Page 5 of 5

    MGL c. 93A, §9 provides Honda with the opportunity to make a reasonable written settlement offer within thirty days of its receipt of this letter. Should Ms. Williams and similarly situated individuals be forced to pursue litigation in this matter, they may recover up to three times actual damages, plus attorney's fees and costs.

    In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind c. 93A's settlement encouraging directive:

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of c. 93A. Multiple damages are the "appropriate punishment" for forcing Plaintiff and other similarly situated individuals to litigate clearly valid claims.

*International Fidelity Ins. Co. v. Wilson*, 443, N.E. 2d 1308, 1318 (1983) (emphasis added).

    I look forward to hearing from you so that we may work toward a prompt and equitable settlement of this matter.

                                        Sincerely,

                                        John Roddy

cc:    Rachel Williams
        Steven Striffler, Esq.