UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RACHEL C. WILLIAMS, on behalf of    )
herself and others similarly situated, )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Civil Action No. 14-12859-LTS
                                    )
AMERICAN HONDA FINANCE CORP.,       )
                                    )
        Defendant.                  )
_____)

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND

October 30, 2014

SOROKIN, J.

Rachel Williams filed this putative class action in Norfolk Superior Court on April 7, 2014. Her complaint alleges violations of state law – specifically, the Uniform Commercial Code ("UCC"), the Motor Vehicle Retail Installment Sales Act, and Chapter 93A of the Massachusetts General Laws – arising from the repossession of her car by American Honda Finance Corp. ("Honda"). See generally Doc. No. 1-3. She asserts these claims on behalf of herself and all other Massachusetts residents who have financed their cars through Honda and then had their cars repossessed. Id. at ¶ 44. Before filing the complaint, Williams (acting through counsel) sent Honda a letter pursuant to Chapter 93A, in which she demanded $10,000 plus counsel fees "as compensation for [Honda's] unfair and deceptive acts" with respect to Williams individually. See Doc. No. 1-2. Honda was served with the complaint on May 13, 2014. On June 10, 2014, Williams (acting through new counsel) sent Honda a second Chapter 93A letter, this time demanding relief on behalf of herself and "a class of persons similarly

situated." Doc. No. 1-1.

Honda removed the action to this Court on July 3, 2014, invoking federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Challenging Honda's removal as untimely, Williams seeks remand to state court. Doc. Nos. 6, 7. Williams asserts that the information Honda used to calculate the amount in controversy and establish jurisdiction under CAFA was available to it based on the facts alleged in the complaint and records maintained by Honda itself. Thus, Williams argues, Honda was required to remove the action within thirty days of receiving the complaint, a deadline it missed by twenty-one days.

Honda opposes Williams's motion, see Doc. No. 11, arguing the complaint could not have triggered a thirty-day removal period because it did not contain a clear statement of the amount in controversy. For the reasons that follow, and pursuant to a recent decision by the First Circuit resolving the central question presented here, Williams's motion to remand is DENIED.

The general removal statute permits defendants to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to CAFA, a district court has jurisdiction over a class action if there is minimal diversity of citizenship among the parties, the putative class includes at least 100 members, and the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (5)(B); see Romulus v. CVS Pharmacy, Inc., No. 14-1937, 2014 WL 5422160, at *1 (1st Cir. Oct. 24, 2014) (slip op.). Williams has not challenged Honda's showing as to any of these jurisdictional prerequisites, implicitly conceding that this Court has subject-matter jurisdiction over her claims pursuant to CAFA. See generally Doc. No. 7. Rather, Williams's remand motion relies solely on an alleged procedural error – the timing of Honda's removal.

The procedures governing removal of civil actions from state to federal court provide a thirty-day window of time within which a defendant must file its notice of removal. 28 U.S.C. § 1446(b). That thirty-day period begins at one of two moments in the action: either with "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," § 1446(b)(1); or, "if the case stated by the initial pleading is not removable," with "receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," § 1446(b)(3).

A defendant removing an action under CAFA bears the burden of establishing federal jurisdiction exists. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). In cases involving disputes regarding the amount in controversy – which constitute challenges to the existence of federal jurisdiction in the first instance – that burden requires defendants to demonstrate "a reasonable probability that more than $5 million is at stake." Id. at 50. However, where the question is one of timeliness, courts determine when the thirty-day removal clock was triggered by evaluating "the papers provided by the plaintiffs," without imposing a duty on defendants "to investigate or to supply facts outside of those provided by the plaintiff." Romulus, 2014 WL 5422160, at *6-7; see also Hilbert v. McDonnell Douglas Corp., 529 F. Supp. 2d 187, 194 (D. Mass. 2008) (Gertner, J.) (evaluating the "information within the four corners of the [relevant] pleadings" to assess "whether defendants had notice of the grounds for removal").

This "bright-line approach" means that "the time limits in Section 1446(b) apply when the plaintiffs' pleadings or the plaintiffs' other papers provide the defendant with a clear

3

statement of the damages sought or with sufficient facts from which damages can be readily calculated." Romulus, 2014 WL 5422160, at *1.[1]  Such an approach prevents district courts from becoming burdened with "the unenviable task of determining whether the defendant should have previously discovered [through its own investigation of materials beyond the plaintiff's papers] that the case was removable." Id. at *7.

Here, the complaint Williams filed in state court establishes the parties are minimally diverse, as it identifies Williams as a Massachusetts citizen and Honda as a California corporation. Doc. No. 1-3 at ¶¶ 13-14. Although the complaint does not specify the size of the prospective class, it extrapolates from "Honda's loan volume and the number of auto loan defaults and auto repossessions resulting from that volume" that "the prospective class numbers in the thousands." Id. at ¶ 46; see also id. at ¶ 10 ("Honda's practices affect hundreds or perhaps thousands of Massachusetts consumers."). As such, the complaint arguably provides enough information from which Honda could have ascertained that the first two elements required for federal jurisdiction under CAFA are satisfied here.

The same cannot be said, however, regarding the third element – amount in controversy. In her prayer for relief, Williams seeks the following categories of damages, without specifying amounts: UCC "statutory damages for each class member . . . in the amount of the finance charge plus ten percent of the principal amount of the obligation applicable to that class member's contract"; Chapter 93A statutory damages and multiple damages; for a subclass, the

---

[1] In Romulus, the First Circuit joined every other Court of Appeals to consider the question in adopting a bright-line approach focused on the facts alleged within the plaintiff's pleadings and other papers. See, e.g., Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 139 (2d Cir. 2014); Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013).

size of which is unspecified, UCC statutory damages of $500 per subclass member; and attorneys' fees and costs. Id. at 15 (paragraphs D-G, J). Facts essential to these calculations are missing from the complaint, preventing Honda (and the Court) from "easily" ascertaining the amount in controversy "by simple calculation," without resort to a separate review of Honda's own records. See Romulus, 2014 WL 5422160, at *7-8. The complaint alleges no facts establishing average or representative figures for class members' finance charges, principal loan amounts, or vehicle resale or fair market values, nor does it specify the size of the subclass seeking $500 in statutory damages per member. Although the complaint includes the amount of Williams's own original loan, the amount she owed at the time her car was repossessed, and the difference between the resale price and the fair market value she alleges for her car, Doc. No. 1-3 at ¶¶ 17, 23, 25, 26, it does not suggest those figures are fair representations of the situations faced by other class members, nor does it allege the amount of her finance charge.[2]

Put simply, no one – not Honda, not Williams, and not the Court – could review the complaint and readily ascertain the amount in controversy, using simple calculations or otherwise.[3] Honda's removal relied on a calculation of chapter 93A damages using figures it obtained after reviewing its own records and based on an executive's expertise. See Doc. No. 1-4 (estimating a class size of 1,400, and a $1,500 average difference in sale proceeds and retail

---

[2]Based on the affidavit accompanying Honda's notice of removal, which states the average difference between auction sale proceeds and "retail value" is "at least $1,500," Doc. No. 1-4 at ¶ 3, it appears Williams's circumstances might not be average. See Doc. No. 1-3 at ¶ 26 (alleging the difference between those figures in Williams's case was $6,550).

[3]The same is true of Williams's second Chapter 93A demand letter, which Honda received after service of the complaint. That letter added no facts regarding damages that would render the letter an "other paper" that permitted calculation of the amount in controversy and, thus, revealed removability for purposes of 28 U.S.C. § 1446(b)(3). See generally Doc. No. 1-1.

values).  Williams's own calculation of statutory damages available under the UCC – which Williams specified for the first time in her brief in support of remand, and which she characterizes as "simply a mathematical exercise," Doc. No. 7 at 3 – relies on Honda's estimated class size and a finance charge amount that appears nowhere in the record before the Court.  Id. at 7.  Such reliance on information not contained in the complaint underscores the fact that the complaint, on its own, did not contain sufficient information from which removal could be ascertained.  See Romulus, 2014 WL 5422160, at *8.

Service of the complaint, therefore, did not trigger a thirty-day removal period under 28 U.S.C. § 1446(b).  Because none of Williams's pleadings or other papers "include[d] a clear statement of the damages sought or . . . set[] forth sufficient facts from which the amount in controversy c[ould] easily be ascertained by [Honda] by simple calculation," Romulus, 2014 WL 5422160, at *7, the thirty-day period contemplated by 28 U.S.C. § 1446(b) had not begun when Honda filed its notice of removal.  The only pleading or other paper from the plaintiff that contains such information is the plaintiff's brief in support of remand.  Doc. No. 7.  There, Williams finally articulated theories of damages, included information necessary to calculate specific amounts thereof, and affirmatively claimed that such damages exceed $5 million.[4]  Id.

---

[4]There remains a question, then, of whether Honda could "independently" remove pursuant to § 1441, "based on an investigation of its own data," despite the fact that no thirty-day removal period under § 1446(b) was yet in play.  Romulus, 2014 WL 5422160, at *11 n.12.  The First Circuit has not answered this question, but at least three other Courts of Appeals have permitted removal under such circumstances.  See id. (collecting cases).  The reasoning applied by those Courts of Appeals is persuasive, and is at least partially driven by the same policy considerations discussed by the First Circuit in Romulus.  See id. at *8 (noting, as the Ninth Circuit did in Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1126 (9th Cir. 2013), that plaintiffs can prevent gamesmanship by defendants regarding when to remove by producing to defendants documents containing enough specificity to trigger the thirty-day removal period).

However, the Court need not resolve that issue here for two reasons.  First, Williams has

Accordingly, Honda's removal was not untimely, and Williams's motion to remand is
DENIED. The Court will hold a scheduling conference in this matter on December 4, 2014 at
2:00 p.m. A notice containing further information about the scheduling conference will follow.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

not challenged removal on this basis, and it does not impact this Court's jurisdiction. Cf.
Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110-11 (1st Cir. 2014)
(parties may waive non-jurisdictional challenges to the propriety of removal by not raising
them). Second, Williams's specification of her alleged damages in her remand brief would
provide grounds for Honda to remove again, were this Court to enter an order invalidating its
first notice of removal, and thus cures any defect arising in this case from an "early" removal.