UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL C. WILLIAMS, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br><br>AMERICAN HONDA FINANCE CORP.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:14-cv-12859-LTS |

**ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
OF AMERICAN HONDA FINANCE CORP.**

American Honda Finance Corp. ("Honda"), for its Answer to Plaintiff's Complaint, states as follows:

**Introduction**

1.    Honda admits that Plaintiff purports to seek the relief described in paragraph 1, but denies that any such relief is warranted.

2.    Honda admits that certain provisions of the Massachusetts Motor Vehicle Retail Installment Sales Act and §§ 9-610 to 9-625 of the Uniform Commercial Code ("UCC") apply under certain circumstances to the repossession and sale of consumers' vehicles, but states that other provisions within Article 9, Part 6 of the UCC, as well as other laws, may apply to the repossession and sale of vehicles. Honda denies that Plaintiff has accurately and fully summarized those two laws and denies the remaining allegations in paragraph 2.

3.    Honda admits that the Retail Installment Sales Act and the UCC require creditors to send consumers a notice upon repossession of collateral that includes certain information

about the debtor's liability and the creditor's intended disposition of the collateral, among other items. Honda denies the remaining allegations in paragraph 3.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Honda admits that after repossessing Ms. Williams' vehicle, it sent her a notice informing her that her vehicle would be sold, that the sale price would be subtracted from her outstanding debt to Honda (plus reasonable repossession and storage costs), and that she would either be liable for any remaining balance or receive any surplus Honda collected. Honda denies the remaining allegations in paragraph 10.

11. Honda admits that after selling Ms. Williams' repossessed vehicle it sent her a notice informing her that she was liable for an outstanding balance of $4,713.32 and that the balance was calculated by subtracting the sale price of Ms. Williams' vehicle from her outstanding debt to Honda (plus reasonable repossession and storage costs). Honda denies the remaining allegations in paragraph 11.

12. Denied.

### Parties

13. Honda lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admitted.

1072806v.3

## Jurisdiction and Venue

15. Honda admits that this Court has jurisdiction over this matter pursuant to removal of this action.

16. Honda states that this Court is a proper venue pursuant to Honda's removal of this action.

## Facts Pertaining to Ms. Williams' Transaction

17. Admitted.

18. Admitted.

19. Admitted.

20. Honda admits that paragraph 20 quotes a portion of Ms. Williams' contract but denies that paragraph 20 quotes all pertinent provisions of the contract.

21. Admitted.

22. Honda admits that on or about September 21, 2011, it sent Ms. Williams a notice (attached to the Amended Complaint as Exhibit B) informing her of the repossession of her vehicle and of its plan "to sell [the vehicle] at a private sale sometime after October 11, 2011." Honda admits that the notice described Ms. Williams' liability for a deficiency as the difference between the proceeds collected from the future sale of her vehicle and her outstanding debt to Honda. Honda admits that paragraph 22 quotes a portion of the notice but states that it does not reflect the full text or provide the full context of the notice. Honda denies the remaining allegations in paragraph 22.

23. Honda admits that it subsequently sold Ms. Williams' vehicle for $8,900 and that it informed Ms. Williams of the sale by sending her a letter (attached to the Complaint as Exhibit

C) on or about November 1, 2011. Honda admits that the letter informed Ms. Williams of the remaining deficiency of $4,713.32. Honda denies the remaining allegations in paragraph 23.

24.    Admitted.

25.    Denied.

26.    Denied.

27.    Honda admits that it received a letter from counsel for Ms. Williams dated January 6, 2014, and timely responded on January 30, 2014. Honda denies the remaining allegations in paragraph 27.

28.    Honda admits that its counsel received a letter addressed to Wilson Elser Moskowitz Edelman & Dicker LLP dated June 10, 2014 from counsel for Ms. Williams, and that a timely response was made on July 8, 2014. Honda denies the remaining allegations in paragraph 28.

## Applicable Law

29.    Honda admits that in Massachusetts, the Retail Installment Sales Act and the UCC regulate the repossession and disposition of motor vehicles financed under retail installment sales agreements and impose certain requirements on creditors. Honda denies the remaining allegations in paragraph 29.

30.    Honda admits that paragraph 30 quotes a portion of c. 255B § 20B(d) of the Retail Installment Sales Act but denies the remaining allegations in paragraph 30.

31.    Honda admits that, under certain circumstances, UCC § 9-611 requires a creditor disposing of collateral to send the borrower "a reasonable authenticated notification of disposition." Honda denies the remaining allegations in paragraph 31.

32.     Honda admits that UCC § 9-614 applies to consumer-goods transactions. Honda admits further that paragraph 32 quotes portions of UCC § 9-614(1) but states that Plaintiff has not quoted all pertinent provisions of the statute. Honda denies the remaining allegations in paragraph 32.

33.     Honda admits that § 9-614 contains a form repossession notice. Honda further admits that paragraph 33 quotes portions of UCC § 9-614(1) but states that the paragraph does not quote the full text of the provision. Honda denies the remaining allegations in paragraph 33.

34.     Honda admits that the sample notice found in UCC § 9-614(3) contains blank spaces and that paragraph 34 quotes one such example. Honda denies any remaining allegations of paragraph 34.

35.     Honda admits that UCC § 9-616 requires creditors to send consumers a notice explaining the calculation of a deficiency. Honda admits that paragraph 35 quotes a portion of UCC § 9-616(a), but states that the paragraph does not quote the full text of the provision. Honda denies the remaining allegations in paragraph 35.

36.     Honda admits that the block quotation in paragraph 36 quotes § 20B(e)(1) of the Retail Installment Sales Act but denies the remaining allegations in paragraph 36.

37.     Honda admits that the block quotation in paragraph 37 quotes § 20B(e)(2) of the Retail Installment Sales Act but denies the remaining allegations in paragraph 37.

38.     Honda lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Denied.

40.     Honda admits that, in certain circumstances, failure to comply with UCC § 9-616(b)(1) may subject a creditor to liability to statutory damages of $500 where the failure to

comply is part of a pattern or consistent with a practice of noncompliance. Honda denies the remaining allegations in paragraph 40.

## Class Allegations

41. Honda lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 because it does not know what Plaintiff means by "at all material times."

42. Honda lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Honda lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Denied.

45. Honda admits that Plaintiff purports to bring this action on behalf of the class described in paragraph 45 but denies that a class may properly be certified.

46. Honda admits that Plaintiff purports to identify a subclass described in paragraph 46 but denies that any class or any subclass may properly be certified.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Honda lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

## Causes of Actions

### Count I
### (Violation of UCC § 9-614)

53.  Denied.

### Count II
### (Violation of UCC § 9-616)
*On Behalf of the Deficiency Demand Subclass Only*

54.  Denied.

55.  Denied.

### Count III
### (Violation of Retail Installment Sales Act § 20B)

56.  Denied.

57.  Denied.

### Count IV
### (Violation of Chapter 93A)

58.  Denied

59.  Denied.

60.  Denied.

### Count V
### (Declaratory Judgment)

61.  Honda admits that Plaintiff seeks the relief described in paragraph 61, but denies that any such relief is warranted.

### Prayer for Relief

Honda denies all allegations in Plaintiff's Prayer for Relief and denies that Plaintiff or the putative class are entitled to any relief.

WHEREFORE, Honda demands that the above-captioned Complaint shall be dismissed and that costs and disbursements of this action be awarded in its favor and that judgment be entered for Honda.

## Affirmative Defenses

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to satisfy the requirements of M.G.L. c. 93A, including those which are prerequisites to bringing a cause of action pursuant to that statute.

3. As to some or all of Plaintiff's claims, Plaintiff and those alleged to be members of the putative class lack standing because they have no cognizable injury.

4. Plaintiff's claims, and the claims of at least some members of the putative class, are barred by the applicable statute of limitations or by the equitable doctrines of laches, waiver, or estoppel.

5. The damages alleged by Plaintiff and at least some members of the putative class are barred or must be reduced because they failed to take reasonable steps to mitigate them.

6. The claims of certain members of the putative class are subject to binding arbitration clauses.

7. Any imposition of punitive damages against Honda is barred to the extent that the manner in which the damages are calculated violates the Constitution of the United States or the Constitution of Massachusetts.

8. Honda is entitled to a setoff for any amounts that Plaintiff or members of the putative class owe to Honda or one of its affiliates.

9. Honda's notices complied, or at a minimum substantially complied, with all legal requirements.

10.     Honda reserves the right to raise additional defenses, including defenses that it may have against at least some members of the putative class.

**JURY DEMAND**

Honda demands a trial by jury as to all issues.

>Respectfully submitted,
>
>The Defendant,
>AMERICAN HONDA FINANCE CORP.,
>
>
>   ___/s/ Tracy M. Waugh___
>Tracy M. Waugh, BB0#561762
>Tracy.Waugh@wilsonelser.com
>Wilson Elser Moskowitz Edelman & Dicker, LLP
>260 Franklin Street, 14th Floor
>Boston, MA  02110
>Telephone: (617) 422-5300
>Facsimile: (617) 423-6917
>
>
>Eric S. Mattson (admitted *pro hac vice*)
>emattson@sidley.com
>Michael C. Andolina (admitted *pro hac vice*)
>mandolin@sidley.com
>Sidley Austin LLP
>One South Dearborn Street
>Chicago, IL 60603
>Telephone: (312) 853-7000
>Facsimile:  (312) 853-7036

## **CERTIFICATE OF SERVICE**

      I, Tracy M. Waugh, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants of the case as identified on the NEF on December 23, 2014.

                                    */s/ Tracy M. Waugh*
                                      Tracy M. Waugh

1072806v.3