*EXHIBIT 1*

## SETTLEMENT AGREEMENT

Subject to final approval by the Court and in exchange for valuable consideration, Plaintiff Rachel Williams (the "Class Representative" or "Plaintiff") and Defendant American Honda Finance Corporation ("Honda") enter into this Class Action Settlement Agreement (the "Agreement") dated April 16, 2019. The Class Representative enters into this Agreement on behalf of herself and the Settlement Class Members as defined below. The Agreement fully and finally compromises and settles this action, which shall be dismissed with prejudice as to all Parties and Released Persons upon the following terms and conditions.

WHEREAS, the Class Representative filed a class action complaint against Honda in the Norfolk County Superior Court on April 3, 2013, which was removed to the U.S. District Court for the District of Massachusetts on July 3, 2014, in Case No. 14-cv-12859-LTS (the "Action"). On December 18, 2014, Ms. Williams filed an Amended Class Action Complaint ("Complaint"), Dkt. No. 30, which alleged certain violations of the Uniform Commercial Code, c. 106, §§ 9-610 to 9-625, the Massachusetts Motor Vehicle Retail Installment Sales Act, M.G.L. c. 255B, §§ 20A, 20B, and Chapter 93A, with respect to the repossession and sale of vehicles in Massachusetts and the notices sent with respect to those repossessions and sales;

WHEREAS, Honda denies the material allegations in the Complaint and denies any and all liability with respect to all facts and claims previously and currently alleged in the Complaint and further denies that the Settlement Class has suffered any damage or is entitled to any recovery;

WHEREAS, Plaintiff sought money damages, and contested and disputed liability for any deficiencies she allegedly owed;

WHEREAS, sharply contested issues of both law and fact exist concerning the allegations and claims made against Honda;

WHEREAS, Class Counsel has conducted an extensive investigation into the facts and law relating to the Action;

WHEREAS, Class Counsel has fully analyzed and evaluated the merits of the Parties' contentions and this settlement, and after taking into account the foregoing along with the substantial risks of continued litigation and the likelihood that the Action, if not settled now, will be protracted and expensive, is satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action is in the best interests of the Settlement Class defined below, based upon the following substantial benefits that the settlement bestows upon the Settlement Class:

(i)     Honda will pay $1,900,000 for the benefit of the Settlement Class and for the purposes of implementing this settlement, which will be used to provide monetary relief to certain Settlement Class Members, as described below, and to pay attorneys' fees and costs and an incentive payment, as approved by the Court;

(ii)    For all Settlement Class Members, the Parties agree that all Deficiency Balances, which total approximately $19,844,278, will be eliminated;

(iii)   Settlement Class Members whose repossessed vehicles were sold by Honda and who made payments to Honda in excess of $5 after repossession will be entitled to a cash benefit equal to a pro rata share of the Settlement Fund after deducting attorneys' fees and costs and the incentive payment;

(iv)    Honda will request the credit reporting agencies Equifax, Experian, TransUnion, and Innovis delete the reporting of Settlement Class Members' Honda accounts that are the subject of this Action in their entirety, which would include deletion of any delinquency reporting, any Deficiency Balance reporting, and any repossession reporting, by deleting the trade line for those accounts.

WHEREAS, Honda denies liability, but nevertheless desires to settle the Action on the following terms and conditions, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation;

NOW, THEREFORE, the Class Representative, the Settlement Class, and Honda agree to the settlement of the Action, subject to Court approval, under the following terms and conditions.

# 1.  DEFINITIONS

1.01.   "Agreement" means this Settlement Agreement.

1.02.   "Cash Refund Eligible Settlement Class Members" means Settlement Class Members whose accounts reflect Deficiency Payments in excess of five dollars and whose Class Notice is not returned as undeliverable.

1.03.   "Class Counsel" means Bailey & Glasser LLP and the Law Offices of Steven R. Striffler.

1.04.   "Class List" means a list of all Settlement Class Members, to be generated by Honda and provided to Class Counsel not more than 14 days after the Court enters a preliminary approval order, that includes each Settlement Class Member's name, address, whether he or she made any post-sale payments, and if so, how much was paid.

1.05.   "Class Notice" or "Notice" means the notice attached to the Agreement as Exhibit B, subject to Court approval, which Honda will send by first-class mail to each Settlement Class Member.

1.06.   "Class Representative" means Rachel Williams.

1.07.   "Complaint" means the Amended Class Action Complaint filed in the Action on December 18, 2014 (Docket No. 30).

1.08.   "Court" means the United States District Court for the District of Massachusetts.

1.09.    "Deficiency Balance" for purposes of this settlement, means the account balance remaining after the repossession and disposition of a Settlement Class Member's vehicle, after crediting the Class Member's account with the sale price of the vehicle and including all accrued interest and other charges. The Parties agree that the Deficiency Balances for all Settlement Class Members are disputed.

1.10.   "Deficiency Payment" means any payment to Honda towards the Deficiency Balance made by a Settlement Class Member.

1.11.   "Distribution Date" means 15 days after the Effective Date.

1.12.   "Effective Date" means the date the Court enters the Final Approval Order substantially in the form attached as Exhibit C; provided, however, that if any Settlement Class Member objects to approval of the Agreement, or the settlement is challenged by way of intervention or otherwise, the Effective Date means 35 days after the Final Approval Order is entered without any appeals being taken, or, if any appeals or requests for review have been taken, the day when orders affirming the judgment or denying review have been entered and no further appeal or request for rehearing is permitted by the relevant statutes or rules of court.

1.13.   "Final Approval Order" means the order and judgment of the Court approving the settlement in a manner substantially consistent with the terms of the Settlement Agreement, and dismissing all claims in the Action with prejudice. A proposed Final Approval Order is attached as Exhibit C.

1.14.   "Honda" means American Honda Finance Corporation.

1.15.   "Honda's Counsel" means Eric S. Mattson of Sidley Austin LLP and Tracy M. Waugh of Wilson Elser Moskowitz Edelman & Dicker LLP.

1.16.   "Opt-Out Deadline" or "Objections Deadline" means the date the Court establishes as the deadline by which Settlement Class Members must send (as evidenced by a postmark or similar proof) a notice of their intent to opt out of the settlement and by which objections to the settlement must be filed with the Court. The Parties will jointly request that this day shall be 45 days after the mailing of the Class Notice.

1.17.    "Party" means either the Class Representative or Honda, and "Parties" means the Class Representative and Honda, collectively.

1.18.    "Preliminary Approval" means that the Court has entered an order in the form attached as Exhibit A, conditionally certifying a Settlement Class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class.

1.19.    "Repossession Notice" means a notice of intent to dispose of a repossessed or surrendered motor vehicle, a post-sale notice, or any other repossession-related notice sent to any Settlement Class Member, including but not limited to the notices attached to the Amended Complaint as Exhibits B and C.

1.20.    "Released Persons" means Honda and all of its officers, directors, affiliates, subsidiaries, parents, partners, insurers, employees, associates, trustees, agents, accountants, dealers, vendors, attorneys, predecessors (including, without limitation, any prior holders or servicers of the Settlement Class RISCs), successors, and assigns, and any other persons or entities involved in the issuance of the Repossession Notices.

1.21.    "RISC" means a motor vehicle retail installment sales contract for the purchase of a motor vehicle in Massachusetts which is subject to Massachusetts law.

1.22.    "Settlement Class" means all Massachusetts residents who, between April 4, 2010, and July 26, 2018:

(a) had a RISC held by Honda;

(b) had their motor vehicle repossessed by Honda or its agents and were sent one or more Massachusetts Repossession Notices;

(c) have not obtained a discharge in bankruptcy applicable to any such RISC; and

(d) Honda has not obtained a deficiency judgment against such person.

1.23.   "Settlement Class Member" means any person falling within the definition of the Settlement Class. Honda represents that there are approximately 4,183 Settlement Class Members.

1.24.   "Settlement Fund" means $1,900,000.

1.25.   The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

1.26.   Other terms are defined in the text of this Agreement and shall have the meaning given to those terms in the text. In all documents related to the settlement, capitalized terms shall have the meanings given to them in this Agreement.

## 2.      CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

2.01.   For the purposes of this settlement only, the Parties agree that the Settlement Class shall be conditionally certified, that Rachel Williams shall be the Class Representative, and that her counsel, Elizabeth Ryan and John Roddy of Bailey & Glasser LLP and the Law Offices of Steven R. Striffler, shall be appointed as Class Counsel. The certification of the Settlement Class shall be binding only if the Final Approval Order is entered and the Effective Date occurs. If this Agreement terminates or the Final Approval Order is not entered or the Effective Date does not occur, the Settlement Class certification shall be vacated and this Action shall revert to its status as it existed before the execution of this Agreement.

2.02.   Along with the motion for Preliminary Approval of this Agreement, Plaintiff shall seek conditional certification of the Settlement Class, together with an order appointing Plaintiff as the Class Representative and appointing her counsel of record as Class Counsel.

**3.      RELIEF FOR SETTLEMENT CLASS MEMBERS**

3.01.   On or before the Distribution Date, Honda shall provide the following financial relief to Settlement Class Members:

a.      The Deficiency Balance alleged to be owed by each Settlement Class Member shall be eliminated as a result of this Settlement Agreement. The elimination of the Deficiency Balances is an integral part of the resolution of the Parties' disputed claims, including claims for statutory damages. Further, Plaintiff has alleged that Honda violated the Massachusetts Motor Vehicle Retail Installment Sales Act and that Honda's deficiency claims are barred by operation of law. Honda denies Plaintiff's allegations.

b.      After deducting Court-approved attorneys' fees and costs and any Court-approved incentive payment to the Class Representative, Honda shall deposit the remaining Settlement Fund amount into a segregated account from which it will issue checks to Cash Refund Eligible Settlement Class Members.  Honda shall provide confirmation to Class Counsel of the deposit.  Honda shall mail checks to all Cash Refund Eligible Settlement Class Members, with only one check to be issued for each account. The check shall be in an amount equal to the Cash Refund Eligible Settlement Class Member's proportionate share of the Settlement Fund, after deducting Court-approved attorneys' fees and costs and any incentive payment to the Class Representative. The proportionate share shall be equal to the ratio of the Cash Refund Eligible Settlement Class Member's Deficiency Payments to all Deficiency Payments by Settlement Class Members. In the case of accounts that list more than one person as a customer, debtor, or guarantor, the check will be made payable to the person listed in Honda's records as the primary account holder.

3.02.   Honda represents that, to the best of its knowledge based on researching customer accounts, the Deficiency Balances owed by Settlement Class Members total $19,844,278, and the amount of Deficiency Payments made by Settlement Class Members is $1,521,590.

3.03.   Subject to Court approval, Honda shall pay Plaintiff $5,000 out of the Settlement Fund as an incentive award for her efforts in bringing this Action. This amount will be in addition to any relief she is entitled to as a Settlement Class Member. The payment shall be paid by check payable to Plaintiff and delivered to Class Counsel by the Distribution Date, provided that Plaintiff has provided Honda a properly completed W-9 form at least 7 days before the Distribution Date.

3.04.   Within 30 days after the Effective Date, Honda shall transmit to Equifax, Experian, Transunion, and Innovis electronic media identifying all Settlement Class Members, requesting that they delete the subject accounts of all Settlement Class Members from their credit reporting (i.e., delete the "trade lines" for the relevant accounts). If after 42 days Class Counsel notifies Honda's Counsel in writing that one or more of the credit reporting agencies is still reporting the Settlement Class Member's account, Honda shall submit to the credit reporting agency or agencies another request to delete the trade line and will so repeat upon further written notice and request from Class Counsel until the account has been deleted. This is the sole remedy available to Settlement Class Members from Honda relating to credit reporting, and the Parties agree that Honda does not and cannot control the credit reporting agencies. Honda has no duty to communicate any other information to any credit reporting agency or take any other action relating to the accounts or trade lines of Settlement Class Members. Similarly, Honda cannot require any credit reporting agency to update their records or reporting, and Honda is expressly

released from all liability relating to any failure of any credit reporting agency to update its records or reporting.

3.05.    The Parties understand that Class Counsel intends to apply for an award of attorneys' fees and expenses in the amount of $950,000. Honda shall not object to this request for fees and expenses in this amount and will pay whatever amount is awarded by the Court, as long as that amount does not exceed $950,000. Any attorneys' fees and expenses awarded by the Court shall not be payable unless and until the Effective Date occurs. Any attorneys' fees and expenses awarded shall be paid by Honda via a wire transfer within 14 days after the Effective Date provided that Class Counsel have provided Honda a properly completed W-9 form by no later than the Effective Date. The wire transfer will be made in accordance with wire instructions to be provided by Class Counsel and in accordance with Honda's wire transfer procedures. Any attorneys' fees and expenses so awarded shall be paid only from the Settlement Fund.

3.06.    By entering into this Agreement, Honda is not admitting any liability to the Class Representative, the Settlement Class, or any other person or entity, and Honda expressly denies all such liability. No portion of this Agreement may be entered into evidence in any action, except as required to enforce this Agreement.

## 4.    ADMINISTRATION OF THE SETTLEMENT

4.01.    In addition to funding the Settlement Fund, Honda shall bear all costs of providing notice to the Settlement Class of the pendency and proposed settlement of the Action, and of administering this Agreement and making the calculations and payments required under this Agreement. Honda shall provide Class Counsel and the Court an affidavit accounting for the steps taken in the notice and distribution process and the results, including the number of notices mailed and the number returned and remailed. In addition, Honda shall provide information about the process to Class Counsel upon reasonable request. As used in this section, the word

"costs" includes payments to third parties assisting with the administration of this Agreement, if any. The costs described in this section shall be paid by Honda separately from and in addition to the Settlement Fund.

4.02.   Honda shall establish a website to provide information to Settlement Class Members about the settlement, and a toll-free number to contact the administrator (i.e., Honda) and to report a change of address. The website shall also include contact information for Class Counsel, and Class Counsel shall respond to queries from Settlement Class Members about the Action and the settlement.

4.03.   For Cash Refund Eligible Settlement Class Members whose checks are returned by the U.S. Postal Service for lack of current correct address, Honda shall seek an address correction via a Social Security number search through a reputable third-party vendor, and then re-send their checks to any subsequently obtained address that Honda reasonably believes to be valid. After one re-mailing, Honda shall have no further obligation to locate any particular Cash Refund Eligible Settlement Class Member.

4.04.   Cash Refund Eligible Settlement Class Members who are not located or whose checks are not cashed within 90 days after the Distribution Date shall be automatically rendered ineligible for cash refunds and shall be ineligible to share in the cash distribution portion of the settlement. Honda may void any checks issued to such Settlement Class Members.

4.05.   Honda shall notify Class Counsel in writing within 120 days after the Distribution Date of the number of Cash Refund Eligible Settlement Class Members who were sent checks, the number of Cash Refund Eligible Settlement Class Members who did not cash their checks, the total dollar amount of the checks distributed by Honda, and the total dollar amount of uncashed checks.

4.06.    150 days after the Distribution Date, the residue of the Settlement Fund, if any, of any uncashed checks shall be donated to one or more charitable organizations, with the approval of the Court. Each Party will nominate a charity for 50% of the residual. For the charity nominated by the Class Representative, Honda shall deliver the check, payable to the organization, to Class Counsel for distribution.

4.07.    Within 45 days after the Distribution Date, Honda shall file a declaration certifying to the Court that the distributions and credit reporting agency notifications required by this Agreement have all been timely made.

4.08.    Honda shall have the right to set aside or rescind this Agreement, in its sole discretion, if any of the following events occur:

a.      More than five percent of the Settlement Class Members opt out of the settlement;

b.      Any objections to the Agreement are sustained; or,

c.      The Court makes any material modifications to the Settlement Agreement.

5.      **CLASS SETTLEMENT PROCEDURES**

5.01.    **Preliminary Approval**. Within 14 days after execution of this Agreement, Plaintiff shall file a motion seeking the Court's Preliminary Approval of this Agreement and conditional certification of a Settlement Class. Honda will not object to this motion. The motion shall include a proposed Class Notice and a proposed Preliminary Approval Order. The Parties shall request that the Court schedule a final approval hearing no earlier than 120 days after the Preliminary Approval Order.

5.02.    **Notice to Class, CAFA Notice**. Honda shall be responsible for giving notice of the proposed settlement to the Settlement Class.

11

5.03.    Notice to the Settlement Class substantially in the form attached as Exhibit B shall be sent by Honda within 45 days after Preliminary Approval in the following manner: (a) Honda shall compile an address list for the Settlement Class Members and update the list with any new addresses obtained from Honda's records or data from IHS Markit/Polk; and (b) and the notice shall then be sent by first-class United States mail to the current addresses.

5.04.    Honda shall send the notice required by the Class Action Fairness Act (28 U.S.C. § 1715) to the appropriate state and federal authorities within 10 days of the filing of this Agreement with the Court and will provide a copy of the notices to Class Counsel and the Court.

5.05.    **Requests for Exclusion (Opt Out).** The Class Notice described in section 5.03 shall permit any Settlement Class Member to elect not to be part of the Settlement Class and not to be bound by this Agreement if, within the time ordered by the Court and contained in the Class Notice, which shall be no later than 45 days after the mailing of the Notices, the affected person sends (as evidenced by a postmark or similar proof) an appropriate opt-out notice, all as more fully described in the Notice attached as Exhibit B. At least 14 days before the final approval hearing described in section 5.07 of this Agreement, counsel for the Parties shall jointly prepare a list of the persons who have excluded themselves from the Settlement Class in a timely manner.

5.06.    **Objections.** The Class Notice shall advise Settlement Class Members that they may object to the certification of the Settlement Class and to any aspect of the Agreement, including attorneys' fees and costs. The Notice shall provide that any objections shall be heard and any papers submitted in support shall be considered by the Court at the final approval hearing subject to the following requirements. The objection must be filed on or before a date to be specified in the Class Notice and Preliminary Approval Order. The objection must include the

objector's name, address, telephone number, and signature; and must state the basis for the objection, whether it applies only to the objector, to a specific subset of the class, or to the entire class. Copies of the objection must be served upon counsel for the Parties and filed with the Court on or before the date specified in the Notice, which shall be no later than 45 days after the mailing of the Notices.

5.07.   **Final Approval.** At least 14 days before the final approval hearing, Plaintiff shall file a motion requesting that the Court grant Final Approval of the settlement and enter final judgment in accordance with this Agreement. The motion will seek an order approving this Agreement as final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves, and ordering that the cash payments be made to the Cash Refund Eligible Settlement Class Members, ordering the award of attorneys' fees and expenses to Class Counsel, and ordering the payment of an incentive award to the Class Representative. The motion will seek dismissal of the Action with prejudice. The Class Representative's application for an award of attorneys' fees and expenses and incentive payment shall be handled through a separate motion filed at least 14 days before the final approval hearing.

5.08.   At least 14 days before the final approval hearing, Honda shall prepare a suitable affidavit or declaration attesting that Notice was issued in accordance with this Agreement, stating the number of Notices mailed, the number of Notices re-mailed to a new address, the number of Notices undeliverable, and the number of exclusion requests received. A copy of the mailed Notice shall be attached to the affidavit or declaration.

5.09.   This Agreement was entered into only for purposes of settlement. If the Effective Date does not occur for any reason, then no term or condition of this Agreement, or any draft of it, or of the discussion, negotiation, documentation, or other aspect of the Parties' settlement

discussions, shall have any effect, nor shall any such information be admissible for any purpose in this Action or in any other proceeding.

## 6.      RELEASES

6.01.    Upon the Effective Date, the Class Representative and all Settlement Class Members on the one hand, and the Released Persons, on the other hand, shall mutually release and forever discharge each other from any and all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that the Class Representative or Settlement Class Members, on the one hand, and the Released Persons, on the other hand, have had in the past, or now have against each other, arising directly or indirectly out of the claims that were or could have been asserted based upon the facts alleged in the Action.

6.02.    The Parties expressly understand and acknowledge that unknown losses or claims may exist or that present losses may have been underestimated in amount or severity. The Parties explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained in this Agreement, having been bargained for with the knowledge of the possibility of such losses or claims, was given in exchange for a full accord and satisfaction, and discharge of all such losses or claims.

6.03.    Upon the Effective Date, the Class Representative and the Settlement Class Members who have not timely excluded themselves shall be deemed to have agreed that (1) they shall be forever barred from instituting, maintaining, or prosecuting against any of the Released Persons any claim, demand, action, cause of action, or liability of any nature, whether known or unknown, which were or could have been brought based upon the facts alleged in the Action.

7.    **MISCELLANEOUS PROVISIONS**

7.01.    **Parties to Use Best Efforts to Effectuate Settlement**. The Parties shall take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions and to obtain final approval of this Agreement.

7.02.    This Agreement was entered only for purposes of settlement. If for any reason this Agreement is not approved or does not become final, this Agreement and the Settlement Class, and anything said or done pursuant to this Agreement, or as part of the negotiations leading to it, shall be null and void and shall not be used in the Action or any other proceeding for any purpose.

7.03.    **No Admissions**. Neither this Agreement nor any documents referred to in it nor any action taken to carry out this Agreement is, or may be construed as, an admission or concession by or against Honda on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever.

7.04.    **Public Statements**. Any public statements about the settlement shall be made only with joint approval of counsel for the Plaintiff and Honda, and such approval shall not be unreasonably withheld.

7.05.    **Governing Law**. This Agreement is intended to and shall be governed by the laws of the Commonwealth of Massachusetts.

7.06.    **Entire Agreement**. The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitutes the complete and exclusive statement of

15

these terms as between the Parties and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding, if any, involving this Agreement. Any modification of the Agreement must be in writing signed by Class Counsel and Honda.

7.07.    The person signing this Agreement on behalf of Honda is authorized to sign this Agreement on behalf of Honda.

7.08.    **No Ambiguity To Be Construed In Favor of Either Party**. The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties. Accordingly, this Agreement shall be considered neutral and no ambiguity shall be construed in favor of or against any Party.

7.09.    **Successors**. This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors, and assigns of the Parties.

7.10.    **Waivers.** The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

7.11.    **Counterparts; Electronic or Facsimile Signatures Effective.** This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Signature pages exchanged by fax or by e-mail shall be as valid as originals.

7.12.    **Retention of Jurisdiction**. The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement and all related orders. In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATED: 4/12/19

Rachel Williams, Individually
and as a Representative of the Class

DATED: _____

By: _____
Title: _____
American Honda Finance Corporation

DATED: 4/15/2019

BAILEY & GLASSER LLP

By: _____
Elizabeth Ryan

DATED: 4/12/19

LAW OFFICES OF STEVEN R. STRIFFLER LLP

By: _____
Steven R. Striffler

Attorneys for Class Representative
Rachel Williams

DATED: _____

SIDLEY AUSTIN LLP

By: _____
Eric S. Mattson

DATED: _____

WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP

By: _____
Tracy Waugh

Attorneys for Defendant
American Honda Finance Corporation

18

AGREED TO AND ACCEPTED:

DATED: _____

_____
Rachel Williams, Individually
and as a Representative of the Class

DATED: _4/12/2019_

By: _____

Title: ___President____

American Honda Finance Corporation

DATED: _____

BAILEY & GLASSER LLP

By: _____
            Elizabeth Ryan

DATED: _____

LAW OFFICES OF STEVEN R. STRIFFLER LLP

By: _____
            Steven R. Striffler

Attorneys for Class Representative
Rachel Williams

DATED: _4/16/2019_

SIDLEY AUSTIN LLP

By: _____
            Eric S. Mattson

DATED: _4/15/2019_

WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP

By: _____
            Tracy Waugh

Attorneys for Defendant
American Honda Finance Corporation

18

*EXHIBIT A*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RACHEL C. WILLIAMS, *on behalf of herself and others similarly situated*,

       Plaintiff,

   v.

AMERICAN HONDA FINANCE CORP.,

       Defendant.

Civil Action No. 1:14-cv-12859-LTS

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the Parties' Settlement Agreement dated April 16, 2019 (the "Agreement") and the papers and argument submitted in support of approval of the Agreement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      Capitalized terms in this Order shall, unless otherwise defined in it, have the same meaning as in the Agreement.

2.      For purposes of the settlement, this Court provisionally certifies the following Settlement Class:

all Massachusetts residents who, between April 4, 2010, and July 26, 2018:

    (a) had a RISC held by Honda;

    (b) had their motor vehicle repossessed by Honda or its agents and were sent one or more Massachusetts Repossession Notices;

    (c) have not obtained a discharge in bankruptcy applicable to any such RISC; and

    (d) Honda has not obtained a deficiency judgment against such person.

If, for any reason, the settlement is not approved or does not become effective, this provisional

certification shall be null and void and shall not be used or referred to for any purpose in this

Action or any other proceeding.

3.       For settlement purposes only, and subject to further consideration at the final

approval hearing described in Paragraph 14 below, the Court finds that the Settlement Class

meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.       For settlement purposes only, and after considering the relevant factors in Fed. R.

Civ. P. 23 and subject to further consideration at the final approval hearing, Rachel Williams is

conditionally designated as representative of the Settlement Class and Class Counsel is

conditionally appointed as counsel for the Settlement Class. The law firms and attorneys

conditionally representing the Settlement Class are:

> Elizabeth A. Ryan
> John Roddy
> Bailey & Glasser LLP
> 99 High Street, Suite 304
> Boston, MA 02110
>
> Steven R. Striffler
> Law Offices of Steven R. Striffler
> National Consumer Law Center
> 21 McGrath Highway, Suite 301
> Quincy, MA 02169

5.       Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the

settlement provided for in it, are preliminarily approved as (a) fair, reasonable, and adequate in

light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free

of collusion, and (c) within the range of possible final judicial approval, subject to further

consideration at the final approval hearing described at Paragraph 14 of this Order. Accordingly,

the Agreement warrants the sending of notice to the Settlement Class and a full hearing on the proposed settlement.

6.      Honda is hereby directed to follow the terms of the Agreement. Honda shall as reasonably required consult with Class Counsel in administering the settlement.

7.      Within 45 days of the entry of this Order, and pursuant to the procedures detailed in the Agreement, Honda shall provide notice of the proposed settlement and the final approval hearing to each Settlement Class Member by mailing the Class Notice, substantially in the form attached to the Agreement as Exhibit B. Before mailing, Honda shall fill in all applicable deadlines to conform to the deadlines specified for those events in this Order. Honda shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

8.      If any Class Notice is returned as undeliverable, Honda shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail; and if no address is provided, Honda shall seek an updated address in accordance with the Settlement Agreement, Section 5.03.

9.      The Court finds that the Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice, other than that identified in the Agreement, is reasonably necessary.

10.     Honda shall send the notice required by the Class Action Fairness Act (28 U.S.C. § 1715) to the appropriate state and federal authorities within 10 days of filing the Agreement, and provide a copy of the notices to Class Counsel and the Court.

11.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must complete and mail a request for exclusion to Honda at the address contained in the Class Notice, postmarked no later than 45 days from date of mailing of the Class Notice and containing the information described in the notice. No person shall purport to exercise any exclusion rights of any other person; any such purported exclusion requests shall be void, and the Settlement Class Members who are the subject of the purported request shall be treated as a Settlement Class Member. Any Settlement Class Member who opts out will not have standing to object to the settlement and will not be entitled to any of the benefits of the settlement.

12.     At least 14 days before the final approval hearing, Class Counsel and Counsel for Honda shall file with the Court a list of the people who validly and timely opted out of the settlement.

13.     Any Settlement Class Member who does not opt out and who wishes to object to or comment on any aspect of the proposed settlement must mail or hand-deliver a written objection to the Court and mail it to Class Counsel and Counsel for Honda no later than 45 days from the date that Class Notice is sent (as evidenced by a postmark or similar proof). The objection must include the information required by the Class Notice. Objections that are untimely or otherwise invalid may not be considered by this Court unless the Court orders otherwise.

14.     The final approval hearing shall be held before the undersigned at _____ a.m./p.m. on _____, 2019, in the United States District Court for the District of

Massachusetts, John Joseph Moakley U.S. Courthouse, Courtroom 13, 1 Courthouse Way, Boston, MA 02210, to determine, among other things, whether the proposed settlement should be approved as fair, reasonable, and adequate, in consideration of the factors in Rule 23(e)(2), whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement, whether Settlement Class Members should be bound by the release set forth in the Agreement, whether Settlement Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand, or proceeding in any jurisdiction that is based on or related to matters within the scope of the release set forth in the Settlement Agreement, whether the Settlement Class should be finally certified, the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and the amount to be awarded to the Class Representative for her service as class representative, if any. This hearing may be postponed by order of the Court without further written notice to the Settlement Class.

15.     Memoranda in support of the settlement, application for attorneys' fees and costs, and applications for a class representative award to the Class Representative shall be filed with the Court no later than 14 days before the final approval hearing described in Paragraph 14 above.

16.     Any Settlement Class Member who wishes to appear at the final approval hearing, whether pro se or through counsel, must file a notice of appearance in the Action, and send the notice to Class Counsel and Honda's Counsel no later than 30 days (as evidenced by a postmark or similar proof) before the final approval hearing described in Paragraph 14 above. No Settlement Class Member shall be permitted to raise matters at the final approval hearing that the Settlement Class Member could have raised in an objection but did not.

17.     All other events contemplated by the Agreement to occur after this Order and before the final approval hearing, and all aspects of settlement administration during that time, shall be governed by the Agreement.

18.     The Parties shall notify one another and work together to resolve any matters involved in settlement administration that materially affect the Settlement Class.

19.     All proceedings in the Action, other than as necessary to carry out the Agreement, are stayed until further order of this Court.

20.     If Final Approval of the settlement is not achieved, or if the settlement is terminated for any reason, the settlement and all related proceedings shall be without prejudice to the status quo ante rights of the Parties, and all Orders issued pursuant to the settlement will be void. If that happens, the settlement and all negotiations about it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Honda of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

21.     Neither the settlement nor the Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by Honda, which denies all of the claims and allegations raised in the Action.

22.     At or after the final approval hearing, the Court may approve the settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Honda and without future notice to Settlement Class Members.

**DEADLINES**

| | |
|---|---|
| Deadline to serve CAFA notice | 10 days from filing preliminary approval motion |
| Deadline to mail Class Notice | 45 days from entry of Preliminary Approval Order |
| Deadline to Opt Out | 45 days from date of mailing of Class Notice |
| Deadline to Object | 45 days from date of mailing of Class Notice |
| Deadline to File List of Opt Outs | 14 days prior to final approval hearing |
| Deadline to file Motion for Final Approval | 14 days prior to final approval hearing |
| Deadline to file Motion for Attorneys' Fees and Costs and for Class Representative Award | 14 days prior to final approval hearing |
| Final approval hearing | _____a.m./p.m. _____, 2019<br><br>(no earlier than 120 days from the Preliminary Approval Order) |

SO ORDERED, on this, the \_\_\_\_ day of _____ 2019.


_____
HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE

*EXHIBIT B*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**If American Honda Finance Corporation repossessed your car, the amount you owe after repossession could be reduced to zero. And if you made payments after your car was repossessed and sold, you may get a payment from a class action settlement.**

**A Federal Court Ordered this Notice — It is Not A Solicitation From a Lawyer.**

- Honda's records identify you as a Settlement Class Member.

- A proposed settlement requires Honda to eliminate the debt (also called the "deficiency balance") of each Massachusetts Settlement Class Member whose car was repossessed and sold during certain time periods. Honda will also ask credit reporting agencies to delete the loan account from Settlement Class Members' credit reports. The total amount of deficiency balances to be eliminated is approximately $19 million.

- In addition, Settlement Class Members who made payments after repossession may get a cash payment based on how much they paid after their cars were repossessed.

| Your Legal Rights And Options In This Settlement | |
| --- | --- |
| **Do Nothing, Accept The Settlement Benefits, Release Claims** | If you do nothing, and the Court approves the proposed settlement, you will automatically receive the settlement benefits, and you will be bound by the Court's final judgment and the release of the claims as explained in the Settlement Agreement. |
| **Opt Out Of The Class** | Get no settlement benefits. This is the only option that allows you to ever be part of any other lawsuit against Honda about the legal claims that were or could have been asserted based on the allegations in this case. |
| **Object** | Write to the Court and explain what you don't like about the settlement. You may also ask to speak in Court about the fairness of the settlement, but you do not have to appear in Court to object. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

Questions? Call 1-800-000-0000 Toll Free, Or Visit www.AHFCMassachusettsSettlement.com

1

## Basic Information

A class action lawsuit entitled *Williams v. American Honda Finance Corp.* is pending in the U.S. District Court for the District of Massachusetts, No. 14-cv-12859 (the "Action"). The complaint in the Action claims that notices Honda sent to certain Massachusetts customers after repossessing their cars did not comply with parts of the Uniform Commercial Code, the Motor Vehicle Retail Installment Sales Act, and the Massachusetts Consumer Protection Statute, because the notices stated that you would get credit for the proceeds of the sale, rather than stating you would get credit for the car's "fair market value" when calculating your deficiency balance. Honda denies the claims and contends that its notices complied with Massachusetts law and resulted in no harm to consumers.

The Court has not decided who is right or wrong in this lawsuit. Although no decision has been made about who is right and who is wrong, both sides have agreed to a proposed settlement. A settlement avoids the expense and delay of a trial and provides relief to Settlement Class Members quickly. The Class Representative and the attorneys for the class think the settlement is best for all Settlement Class Members.

The Action is called a "class action" because the Class Representative is suing on behalf of other people with similar claims, called "class members." The parties have agreed to treat the Action as a class action for settlement purposes only.

## Who Is In the Settlement Class?

You are a Settlement Class Member if you are a Massachusetts resident who, between April 4, 2010, and July 26, 2018:

(a) had a retail installment sales contract held by Honda;

(b) had your motor vehicle repossessed by Honda or its agents and were sent one or more Massachusetts Repossession Notices;

(c) you have not obtained a discharge in bankruptcy applicable to your sales contract with Honda; and

(d) Honda has not obtained a deficiency judgment against you.

Honda reviewed its records and identified 4,183 Settlement Class Members, whose deficiency balances currently total approximately $19.8 million. Honda's records indicate that you are a Settlement Class Member.

## The Settlement Benefits – What You Can Get

If the proposed settlement is approved, then all Settlement Class Members will receive certain benefits. In addition, some Settlement Class Members will be eligible to receive partial cash refunds, as described below. If the settlement is not approved, then Settlement Class Members will not get any benefits of the settlement and the parties will go back to Court for further proceedings, possibly including a trial.

Questions? Call 1-800-000-0000 Toll Free, Or Visit www.AHFCMassachusettsSettlement.com

**Benefits For All Settlement Class Members**. Honda will eliminate the deficiency balance of each Settlement Class Member, setting it to zero. The deficiency balance is the amount Honda claims is still owed after the car was repossessed and sold. The deficiency balances are disputed debts, and they are being eliminated to resolve disputed claims in this litigation, including claims for statutory damages and for violations of the Massachusetts Motor Vehicle Retail Installment Sales Act. More than $19.8 million in claimed deficiency balances will be eliminated, and Honda will request the deletion of these loan accounts from Settlement Class Members' credit reports.

**Cash Benefits for Settlement Class Members Who Made Payments After Their Car Was Sold**. Honda will create a Settlement Fund of $1.9 million. If you paid more than $5 on your account after your repossessed car was sold, then you will get a cash payment from the Settlement Fund. Your payment will be calculated by comparing what you paid Honda after your car was sold to the total of such payments Settlement Class Members made to Honda. It will also depend on how much money remains in the Settlement Fund after the payment of Court-approved attorneys' fees and expenses and any incentive payment.

**How Do I Know Whether Honda's Records Show I Made Payments After My Car Was Sold**? If the box below is checked, then Honda's records indicate that you made a payment of more than $5 after your repossessed car was sold.

☐

**You do NOT need to do anything to receive these benefits.**

**Attorneys' Fees and Incentive Payment**. Lawyers for the Settlement Class will seek attorneys' fees and expenses from the Settlement Fund of up to $950,000, and an incentive payment for the Class Representative of up to $5,000, subject to approval by the Court at the final approval hearing described below. If the Court approves the request, the fees and expenses and incentive payment will be paid from the Settlement Fund of $1.9 million.

**Tax Consequences of Settlement**. Any benefits you receive may or may not be the subject of state or federal taxation, depending on your circumstances. Class Counsel are not tax attorneys and you are advised to seek separate advice on matters of taxation.

**Who Represents Me?**

The Court has appointed the following lawyers and firms as Class Counsel to represent the interests of all Settlement Class Members:

Elizabeth Ryan
John Roddy
Bailey & Glasser LLP
99 High Street, Suite 304
Boston, MA 02110

Steven R. Striffler
Law Offices of Steven R. Striffler

Questions? Call 1-800-000-0000 Toll Free, Or Visit www.AHFCMassachusettsSettlement.com

21 McGrath Highway, Suite 301
Quincy, MA 02169

These lawyers are called Class Counsel. You will not be charged for these lawyers; they will seek to be paid out of the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

## The Settlement Release —What You Will Give Up

In exchange for the benefits described in this Notice, Settlement Class Members will give Honda a release and will agree to be bound by all court orders in the Action. You will be bound by the terms of the settlement, once it is final, unless you exclude yourself. **A release means you can't sue or be part of any other lawsuit against Honda (or the other "Released Persons" as defined in the Settlement Agreement) for claims related to the repossession of your car, or the collection of a deficiency balance, or the reporting of a deficiency balance to a credit bureau, or any other claims that were or could have been brought based upon the facts alleged in the Action.** For more information about the terms of the release, you may consult the Settlement Agreement, which is on file with the Court and can also be viewed at AHFCMassachusettsSettlement.com.

## Your Rights —Exclude Yourself

If you are a Settlement Class Member, then you are included in the settlement unless you ask to be excluded. If you stay in the Settlement Class and the settlement is approved by the Court, then you will be eligible to receive the benefits described above. If you do not want to participate in the settlement, you can exclude yourself or "opt out." If you do that, you will not receive any benefits from the settlement, but you also will not be bound by any judgment or release in this Action, and will keep your right to sue Honda on your own if you want. If you exclude yourself, you may not object to the settlement.

To exclude yourself from the settlement, send a request for exclusion to the administrator at the address listed at the end of this Notice. Your request for exclusion must be postmarked no later than _____ [45 days after the date of the Notice], and contain all of the following information: (1) the name of the Action, *Williams v. American Honda Finance Corp.*, (2) your full name, current address, and telephone number, (3) a statement that you want to exclude yourself from the settlement, (4) your signature and the date you signed it, and (5) the full name, address, and signature of any co-borrower on your account. If you do not follow these procedures, your rights will be determined in this Action if this settlement receives final judicial approval.

## Your Rights —Object to the Settlement

If you do not ask to be excluded, you may object to the settlement. You may not do both. To object, you must send a letter saying that you object to the settlement of *Williams v. American Honda Finance Corp.* to Settlement Class Counsel, Honda's Counsel, and the Court at the addresses provided at the end of this Notice. Be sure to include your name, address, telephone number, signature, and the specific reasons you object to the settlement, and whether the objection applies only to you, to a specific subset of the class, or to the entire class. Mail the

Questions? Call 1-800-000-0000 Toll Free, Or Visit www.AHFCMassachusettsSettlement.com

4

objection to these three different places, postmarked no later than _____ [45 days after the date of the Notice].

## The Final Approval Hearing

The proposed settlement is subject to approval by the Court. The Court has set the Final Approval Hearing for _____ (subject to change by the Court without further notice), in the U.S. District Court for the District of Massachusetts, Courtroom 13, 1 Courthouse Way, Boston, Massachusetts, to determine whether the proposed settlement should be approved as fair, reasonable, and adequate, whether certification of the Settlement Class is proper, and whether the settlement and the attorneys' fees request should be approved.

You do not need to hire a lawyer, but may do so if you want to. You and the Settlement Class are already represented by Class Counsel listed below, at no out-of-pocket cost to you. The settlement will not take effect unless and until: (1) the Court approves the settlement, and (2) a Final Order and Judgment is entered by the Court and no longer subject to any appellate challenge. If the Court does not approve the settlement, then Settlement Class Members will not receive any benefits described in this Notice and the settlement will become void. It will be as if no settlement had been reached and no class established.

## Further Information

This Notice, which has been approved by the Court, is only a summary. **You may visit the settlement website at www.AHFCMassachusettsSettlement.com for updates about hearing dates and the complete Settlement Agreement.** If you have additional questions, you may contact Class Counsel at the address below. All of the records and other papers filed in the Action, including the Settlement Agreement, are on file with the Court and available to be inspected during regular business hours at the Clerk's Office. The Clerk of the Court is located at 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. **Please do not contact the Judge about this case.**

IMPORTANT ADDRESSES:

| Administrator: | Class Counsel: | Honda's Counsel: |
|---|---|---|
| | Elizabeth Ryan<br>John Roddy<br>Bailey & Glasser LLP<br>99 High Street, Suite 304<br>Boston, MA 02110<br>617-439-6730<br><br>Steven R. Striffler<br>Law Offices of Steven R. Striffler<br>21 McGrath Highway, Suite 301<br>Quincy, MA 02169 | Eric S. Mattson<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br><br>Tracy Waugh<br>Wilson Elser Moskowitz<br>Edelman & Dicker, LLP<br>260 Franklin Street<br>14th Floor<br>Boston, MA 02110-3112 |

Questions? Call 1-800-000-0000 Toll Free, Or Visit www.AHFCMassachusettsSettlement.com

5

| **Court** |
| :--- |
| U.S. District Court for the District of Massachusetts<br>1 Courthouse Way<br>Boston, MA 02210 |

Questions? Call 1-800-000-0000 Toll Free, Or Visit www.AHFCMassachusettsSettlement.com

6

*EXHIBIT C*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL C. WILLIAMS, *on behalf of herself and others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORP.,<br><br>    Defendant. | Civil Action No. 1:14-cv-12859-LTS<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, AND JUDGMENT OF DISMISSAL** |

Plaintiff Rachel Williams ("Plaintiff" or "Class Representative") has submitted an Unopposed Motion for Final Approval of Settlement Agreement (the "Final Approval Motion"), which seeks final approval of the Parties' Settlement Agreement (the "Agreement"). Class Counsel has also submitted their Unopposed Motion For Attorneys' Fees and Costs And Incentive Award.

This Court preliminarily approved the Agreement by order dated _____, 2019. Notice was then sent to all members of the Settlement Class.

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Agreement, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a hearing on _____, 2019, at which the Parties and all other interested persons were heard with respect to the proposed settlement.

Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court finds that the Agreement is fair, adequate, and reasonable, in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      This Final Order Approving Class Action Settlement and Judgment of Dismissal ("Final Approval Order") incorporates by reference all definitions in the Agreement, and all terms used in this order shall have the same meanings set forth in the Agreement.

2.      The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3.      Pursuant to Rule 23(b)(3), the Court certifies the following Settlement Class for purposes of settlement only:

all Massachusetts residents who, between April 4, 2010, and July 26, 2018:

> (a) had a RISC held by Honda;
>
> (b) had their motor vehicle repossessed by Honda or its agents and were sent one or more Massachusetts Repossession Notices;
>
> (c) have not obtained a discharge in bankruptcy applicable to any such RISC; and
>
> (d) Honda has not obtained a deficiency judgment against such person.

4.      For settlement purposes only, this Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Rule 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to Settlement Class Members predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to the Court's Preliminary Approval Order, the approved Settlement Notice was mailed to the Settlement Class. The Court has determined that the notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement; constituted valid, due, and sufficient notice to all members of the Settlement Class; and fully complied with Rule 23(c)(2)(B).

6.      The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion and any objections filed by Settlement Class Members, finds that this settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore grants final approval of the settlement of this Action in accordance with the terms of the Agreement.

7.      The Court orders the Parties to perform their obligations under the Agreement.

8.      The Court dismisses the Action, and all claims and causes of action asserted in it, on the merits and with prejudice. This dismissal is without costs to any Party, except as specifically provided in the Agreement.

9.      This Final Approval Order is binding on all Settlement Class Members.

10.     Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims described in the Agreement against any of the Released Parties.

11.     The Class Representative and all Settlement Class Members shall, to the extent provided in the Agreement, be deemed to have released and discharged Honda and all other Released Persons from all Released Claims as provided in the Agreement.

12.     Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over implementation, interpretation, and enforcement of the Agreement

13.     The Plaintiff and Class Counsel have moved for an award of attorneys' fees and costs in the amount of $950,000. The Court approves Class Counsel's request for attorneys' fees, costs, and expenses in the amount of $_____, finding that amount to be fair and reasonable. The Court directs Honda to disburse this amount to Class Counsel from the Settlement Fund as provided in the Agreement.

14.     Neither this Final Approval Order nor the Agreement is an admission or concession by Honda of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Honda. The final approval of the Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Members or Honda.

SO ORDERED, on this, the ____ day of _____ 2019.


_____

HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE