# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

RACHEL C. WILLIAMS, *on behalf of herself and others similarly situated*,

Plaintiff,

v.

AMERICAN HONDA FINANCE CORP.,

Defendant.

Civil Action No. 1:14-cv-12859-LTS

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the Parties' Settlement Agreement dated April 16, 2019 (the "Agreement") and the papers and argument submitted in support of approval of the Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms in this Order shall, unless otherwise defined in it, have the same meaning as in the Agreement.

2. For purposes of the settlement, this Court provisionally certifies the following Settlement Class:

all Massachusetts residents who, between April 4, 2010, and July 26, 2018:

(a) had a RISC held by Honda;

(b) had their motor vehicle repossessed by Honda or its agents and were sent one or more Massachusetts Repossession Notices;

(c) have not obtained a discharge in bankruptcy applicable to any such RISC; and

(d) Honda has not obtained a deficiency judgment against such person.

If, for any reason, the settlement is not approved or does not become effective, this provisional certification shall be null and void and shall not be used or referred to for any purpose in this Action or any other proceeding.

3. For settlement purposes only, and subject to further consideration at the final approval hearing described in Paragraph 14 below, the Court finds that the Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the final approval hearing, Rachel Williams is conditionally designated as representative of the Settlement Class and Class Counsel is conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

> Elizabeth A. Ryan
> John Roddy
> Bailey & Glasser LLP
> 99 High Street, Suite 304
> Boston, MA 02110
>
> Steven R. Striffler
> Law Offices of Steven R. Striffler
> National Consumer Law Center
> 21 McGrath Highway, Suite 301
> Quincy, MA 02169

5. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the settlement provided for in it, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration at the final approval hearing described at Paragraph 14 of this Order. Accordingly,

2

the Agreement warrants the sending of notice to the Settlement Class and a full hearing on the proposed settlement.

6. Honda is hereby directed to follow the terms of the Agreement. Honda shall as reasonably required consult with Class Counsel in administering the settlement.

7. Within 45 days of the entry of this Order, and pursuant to the procedures detailed in the Agreement, Honda shall provide notice of the proposed settlement and the final approval hearing to each Settlement Class Member by mailing the Class Notice, substantially in the form attached to the Agreement as Exhibit B. Before mailing, Honda shall fill in all applicable deadlines to conform to the deadlines specified for those events in this Order. Honda shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

8. If any Class Notice is returned as undeliverable, Honda shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail; and if no address is provided, Honda shall seek an updated address in accordance with the Settlement Agreement, Section 5.03.

9. The Court finds that the Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice, other than that identified in the Agreement, is reasonably necessary.

10. Honda shall send the notice required by the Class Action Fairness Act (28 U.S.C. § 1715) to the appropriate state and federal authorities within 10 days of filing the Agreement, and provide a copy of the notices to Class Counsel and the Court.

11. Any Settlement Class Member who wishes to be excluded from the Settlement Class must complete and mail a request for exclusion to Honda at the address contained in the Class Notice, postmarked no later than 45 days from date of mailing of the Class Notice and containing the information described in the notice. No person shall purport to exercise any exclusion rights of any other person; any such purported exclusion requests shall be void, and the Settlement Class Members who are the subject of the purported request shall be treated as a Settlement Class Member. Any Settlement Class Member who opts out will not have standing to object to the settlement and will not be entitled to any of the benefits of the settlement.

12. At least 14 days before the final approval hearing, Class Counsel and Counsel for Honda shall file with the Court a list of the people who validly and timely opted out of the settlement.

13. Any Settlement Class Member who does not opt out and who wishes to object to or comment on any aspect of the proposed settlement must mail or hand-deliver a written objection to the Court and mail it to Class Counsel and Counsel for Honda no later than 45 days from the date that Class Notice is sent (as evidenced by a postmark or similar proof). The objection must include the information required by the Class Notice. Objections that are untimely or otherwise invalid may not be considered by this Court unless the Court orders otherwise.

14. The final approval hearing shall be held before the undersigned at __2:15__ a.m./p.m. on __September 20,__ 2019, in the United States District Court for the District of

4

Massachusetts, John Joseph Moakley U.S. Courthouse, Courtroom 13, 1 Courthouse Way, Boston, MA 02210, to determine, among other things, whether the proposed settlement should be approved as fair, reasonable, and adequate, in consideration of the factors in Rule 23(e)(2), whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement, whether Settlement Class Members should be bound by the release set forth in the Agreement, whether Settlement Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand, or proceeding in any jurisdiction that is based on or related to matters within the scope of the release set forth in the Settlement Agreement, whether the Settlement Class should be finally certified, the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and the amount to be awarded to the Class Representative for her service as class representative, if any. This hearing may be postponed by order of the Court without further written notice to the Settlement Class.

15. Memoranda in support of the settlement, application for attorneys' fees and costs, and applications for a class representative award to the Class Representative shall be filed with the Court no later than 14 days before the final approval hearing described in Paragraph 14 above.

16. Any Settlement Class Member who wishes to appear at the final approval hearing, whether pro se or through counsel, must file a notice of appearance in the Action, and send the notice to Class Counsel and Honda's Counsel no later than 30 days (as evidenced by a postmark or similar proof) before the final approval hearing described in Paragraph 14 above. No Settlement Class Member shall be permitted to raise matters at the final approval hearing that the Settlement Class Member could have raised in an objection but did not.

5

17. All other events contemplated by the Agreement to occur after this Order and before the final approval hearing, and all aspects of settlement administration during that time, shall be governed by the Agreement.

18. The Parties shall notify one another and work together to resolve any matters involved in settlement administration that materially affect the Settlement Class.

19. All proceedings in the Action, other than as necessary to carry out the Agreement, are stayed until further order of this Court.

20. If Final Approval of the settlement is not achieved, or if the settlement is terminated for any reason, the settlement and all related proceedings shall be without prejudice to the status quo ante rights of the Parties, and all Orders issued pursuant to the settlement will be void. If that happens, the settlement and all negotiations about it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Honda of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

21. Neither the settlement nor the Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by Honda, which denies all of the claims and allegations raised in the Action.

22. At or after the final approval hearing, the Court may approve the settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Honda and without future notice to Settlement Class Members.

**DEADLINES**

| | |
|---|---|
| Deadline to serve CAFA notice | 10 days from filing preliminary approval motion |
| Deadline to mail Class Notice | 45 days from entry of Preliminary Approval Order |
| Deadline to Opt Out | 45 days from date of mailing of Class Notice |
| Deadline to Object | 45 days from date of mailing of Class Notice |
| Deadline to File List of Opt Outs | 14 days prior to final approval hearing |
| Deadline to file Motion for Final Approval | 14 days prior to final approval hearing |
| Deadline to file Motion for Attorneys' Fees and Costs and for Class Representative Award | 14 days prior to final approval hearing |
| Final approval hearing | __2:15__ a.m./p.m. September 20, 2019 (no earlier than 120 days from the Preliminary Approval Order) |

SO ORDERED, on this, the __18th__ day of __April__ 2019.

/s/ Leo T. Sorokin

HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE

7