# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL C. WILLIAMS, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORP.,<br><br>Defendant. | Civil Action No. 1:14-cv-12859-LTS<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, AND JUDGMENT OF DISMISSAL** |

Plaintiff Rachel Williams ("Plaintiff" or "Class Representative") has submitted an Unopposed Motion for Final Approval of Settlement Agreement (the "Final Approval Motion"), which seeks final approval of the Parties' Settlement Agreement (the "Agreement"). Class Counsel has also submitted their Motion For Attorneys' Fees, Costs, And Incentive Award. Subject to the terms and conditions set forth below, this Court hereby enters this Final Approval Order.

This Court preliminarily approved the Agreement by order dated April 18, 2019. ECF # 107. Notice was then sent to all members of the Settlement Class.

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Agreement, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a hearing on September 25, 2019, at which the Parties were heard with respect to the proposed Settlement.

Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court finds that the Agreement is fair, adequate, and reasonable, in

accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Order Approving Class Action Settlement and Judgment of Dismissal ("Final Approval Order") incorporates by reference all definitions in the Agreement, and all terms used in this order shall have the same meanings set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3. Pursuant to Rule 23(b)(3), the Court certifies the following Settlement Class for purposes of settlement only:

all Massachusetts residents who, between April 4, 2010, and July 26, 2018:

(a) had a RISC held by Honda;

(b) had their motor vehicle repossessed by Honda or its agents and were sent one or more Massachusetts Repossession Notices;

(c) have not obtained a discharge in bankruptcy applicable to any such RISC; and

(d) Honda has not obtained a deficiency judgment against such person.

4. For settlement purposes only, this Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Rule 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of

the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to Settlement Class Members predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  Pursuant to the Court's Preliminary Approval Order, the approved Settlement Notice was mailed to the Settlement Class. The Court has determined that the notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement; constituted valid, due, and sufficient notice to all members of the Settlement Class; and fully complied with Rule 23(c)(2)(B).

6.  The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion, finds that this settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore grants final approval of the settlement of this Action in accordance with the terms of the Agreement, subject to the following modification of Sections 4.04 - 4.06 of the Agreement to provide additional time for Cash Refund Eligible Settlement Class Members to cash their checks, so that these provisions shall provide:

> 4.04   Cash Refund Eligible Settlement Class Members who are not located or whose checks are not cashed within 180 days after the Distribution Date shall be automatically rendered ineligible for cash refunds and shall be

ineligible to share in the cash distribution portion of the Settlement. Honda may void any checks issued to such Settlement Class Members.

4.05  Honda shall notify Class Counsel in writing within 210 days after the Distribution Date of the number of Cash Refund Eligible Settlement Class Members who were sent checks, the number of Cash Refund Eligible Settlement Class Members who did not cash their checks, the total dollar amount of the checks distributed by Honda, and the total dollar amount of uncashed checks.

4.06  240 days after the Distribution Date, the residue of the Settlement Fund, if any, of any uncashed checks shall be donated to the charitable organizations that have been nominated by each Party (ECF # 117). For the charity nominated by the Class Representative, Honda shall deliver the check, payable to the organization, to Class Counsel for distribution.

7. The Court orders the Parties to perform their obligations as set forth above and as otherwise set forth under the Agreement.

8. The Court dismisses the Action, and all claims and causes of action asserted in it, on the merits and with prejudice. This dismissal is without costs to any Party, except as specifically provided in the Agreement.

9. This Final Approval Order is binding on all Settlement Class Members.

10. Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims described in the Agreement against any of the Released Parties.

11.     The Class Representative and all Settlement Class Members shall, to the extent provided in the Agreement, be deemed to have released and discharged Honda and all other Released Persons from all Released Claims as provided in the Agreement.

12.     Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over implementation, interpretation, and enforcement of the Agreement.

13.     The Plaintiff and Class Counsel have moved for an award of attorneys' fees and costs in the amount of $950,000. The Court approves Class Counsel's request for attorneys' fees and costs in the amount of $950,000, finding that amount to be fair and reasonable. The Court directs Honda to disburse this amount to Class Counsel from the Settlement Fund as provided in the Agreement.

14.     The Plaintiff and Class Counsel have moved for an incentive award in the amount of $5,000. The Court approves the request for an incentive award in the amount of $5,000, finding that amount to be fair and reasonable. The Court directs Honda to disburse this amount to Ms. Williams from the Settlement Fund as provided in the Agreement.

15.     Neither this Final Approval Order nor the Agreement is an admission or concession by Honda of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Honda. The final approval of the Agreement does not constitute any opinion, position, or determination of this Court, one way or the

other, as to the merits of the claims and defenses of the Settlement Class Members or Honda.

    SO ORDERED, on this, the \_\_\_\_ day of _____ 2019.

                                                    HONORABLE LEO T. SOROKIN
                                                    UNITED STATES DISTRICT JUDGE